McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division.
US Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Facsimile: (202) 307-0054
Guy.P.Jennings@usdoj.gov

Attorneys for the United States of America

**FILED**

JAN 2 9 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

NICOLAS MORGAN,

    Plaintiff,

v.

TY ZATTIERO, ROY ZATTIERO, PAULINE A. WOOD, HARREL D. WOOD, PAULINE A. WOOD C/O TINNING & DE LAP, HARREL D. WOOD C/O TINNING & DE LAP, A.P.S., INC., DISTRICT DIRECTOR OF INTERNAL REVENUE, LOUIS D. MUSICK, ERWINA MUSICK, CAL-SIERRA TITLE CO., STATE OF CALIFORNIA DEPARTMENT OF BENEFIT PAYMENTS, ROY D. ZATTIERO, ROY D. ZATTIERO, JR., RICHARD W. CLARK C/O ROY D. ZATTIERO, ET AL.

    Defendants.

Civil No. CV-S-94-2091-LKK-JFM

**SECOND ORDER OF JUDICIAL SALE**

This case began as a quiet title action relating to real property in Plumas County, California. The United States was made a party because of federal tax liens against the subject property owned by defendant Roy D. Zattiero. The United States cross-claimed against taxpayers Roy D. Zattiero and Carol M. Zattiero and obtained a

-1-

1 judgment for the tax liabilities and foreclosing the federal tax liens against the subject

2 property, said Judgment entered on November 17, 1999 (docket 228).

3 1.    The property that is the subject of this order is located at 1986 East Main Street,

4 Quincy, California, in Plumas County, and is legally described as follows:

Parcel One

Beginning at a point on the southerly right of way line of State Highway Sign route 24 and 89, which point bears north 86 degrees 45' west, 171.75 feet from the northeast corner of that certain parcel conveyed from Short to Rows described in deeds, volume 83, page 27, office of Plumas County Recorder; thence 86 degrees 45' west, 157.00 feet Along said highway right of way line; thence leaving said highway right of way line bearing south, 250.00; thence east 143.06 feet; thence North 03 degrees 15' east, 241.49 feet to the place of beginning, all situate in the northeast quarter of section 19, Township 24 North, Range 10 East. M.D.S.

Parcel two

Beginning at a point which is described by the following meander line: beginning at a point on the southerly right of way boundary line of State Highway, Sign Route U.S. 40-Alternate, which bears north 86 degrees 45' west 171.75 feet from the northeast corner of that certain parcel conveyed from Short to Rouse described in deeds volume 83, page 27 office of the Plumas county recorder; thence south 3 degrees 15' west 241.49 feet to the true point of beginning of the herein described parcel of land; thence from said true point of beginning south, 75.00 feet; thence west, 143.06 feet to the aforesaid true point of beginning.

Assessor's parcel no. 116-172-09

17 2.    The real property described in paragraph 2, above, and all the improvements,

18 buildings, and fixtures on it, are referred to hereinafter as "the realty."

19 3.    The Internal Revenue Service is authorized and directed under

20 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the realty. This

21 judgment shall act as a special writ of execution and no further orders or process from

22 the Court shall be required.

23 4.    The Internal Revenue Service is authorized to have free access to the realty and

24 to take all actions necessary to preserve the realty, including without limitation retaining

25 a locksmith or other person to change or install locks or other security devices on any

26 part of the realty, until the deed to the realty is delivered to the ultimate purchaser.

5.  The sale shall be free and clear of the interests of all defendants listed in this Court's Order filed November 17, 1999. In addition, the sale shall be free and clear of all transfers, encumbrances, and/or conveyances after November 4, 1992, the date the earliest notice of federal tax lien was filed.

6.  The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

7.  The public sale of the realty shall be held either at the courthouse of the county in which the realty is located, or on the premises of the realty. The sale may be held in a secured room within the county courthouse, with access limited to persons who show good-faith intent to bid, by displaying a certified check to the United States Treasury in the amount of $10,000.

8.  The date and time for sale are to be announced by the Internal Revenue Service.

9.  Notice of the sale shall be published once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Plumas County, California, and, at the discretion of the Internal Revenue Service, by any other notice that the Internal Revenue Service deems appropriate. The notice shall contain a brief description of the realty and shall contain the basic terms and conditions of sale in this order. The notice shall be in substantially the form attached hereto as Exhibit A.

10. A reasonable minimum bid shall be determined by the United States. If the minimum bid is not met or exceeded, the Internal Revenue Service may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

11. The successful bidder shall be required to deposit at the time of sale with the

-3-

1 Internal Revenue Service a minimum of $10,000, with the deposit to be made by
2 certified check or money order. Before being permitted to bid at or attend the sale,
3 potential bidders shall display to the Internal Revenue Service proof that they are able
4 to comply with this requirement. No bids will be received from any person who has not
5 presented proof that, if they are the successful bidder, they can make the deposit
6 required by this judgment.

7 12. The balance of the purchase price for the realty is to be paid to the Internal
8 Revenue Service within thirty (30) days after the date the bid is accepted by a certified
9 or cashier's check payable to the Internal Revenue Service. If the bidder fails to fulfill
10 this requirement, the deposit shall be forfeited in its entirety to the United States, and
11 the realty shall be again offered for sale, without further order, under the terms and
12 conditions of this order. The United States may bid as a credit against its judgment
13 without tender of cash.

14 13. Absent a written objection filed within three days of the sale, or the purchaser's
15 default, the Court may enter an order confirming the sale. On confirmation of the sale
16 of the realty and receipt of payment in full, the Internal Revenue Service shall execute
17 and deliver a Certificate of Sale and Deed conveying the realty to the purchaser. Upon
18 recording the Certificate of Sale and Deed to the purchaser, (1) all interests in,
19 encumbrances on, or claims to, the realty that are held by any of the defendants in this
20 action are discharged and void; (2) the realty is discharged from the federal income tax
21 liens against Roy D. Zattiero for federal income taxes for the 1980, 1981 and 1982 tax
22 years (3), the sale shall be free and clear of all transfers, encumbrances, and/or
23 conveyances after November 4, 1992, when the earliest notice of federal tax lien was
24 filed.

25 14. The sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
26 redemption. Possession of the property sold shall be yielded to the purchaser upon the

27 -4-

1  production of a copy of the Certificate of Sale and Deed; and if there is a refusal to so
2  yield, a Writ of Assistance may, without further notice, be issued by this Court to compel
3  delivery of the realty to the purchaser.
4  15.    Until the realty is sold, the occupants of the property, if any, shall take all
5  reasonable steps necessary to preserve the realty (including all buildings,
6  improvements, and fixtures on the realty) in its current condition including, without
7  limitation, maintaining fire and casualty insurance policies on the realty.  The
8  occupants shall not commit waste against the realty, nor shall he cause or permit
9  anyone else to do so.  The occupants shall not do anything that tends to reduce the
10 value or marketability of the realty, nor shall they cause or permit anyone else to do so.
11 The taxpayers and other defendants shall not record any instruments, publish any
12 notice, or take any other action (such as running newspaper advertisements) that may
13 directly or indirectly tend to adversely affect the value of the realty or that may tend to
14 deter or discourage potential bidders from participating in the public auction.
15 16.    All defendants or occupants shall leave and vacate the realty permanently
16 (unless the United States agrees otherwise in writing) within 30 days of the date this
17 Order is posted on and mailed to the realty, each taking with them their personal
18 property (but leaving all improvements, buildings, fixtures, and appurtenances to the
19 realty). If any person occupying the realty fails or refuses to leave and vacate the realty
20 by the time specified in this order, the U.S. Marshal and his deputies and Internal
21 Revenue Service Officers are authorized and directed to take all actions that are
22 reasonably necessary to eject those persons.  If any person fails or refuses to remove
23 his or her personal property from the realty by the time specified herein, the property
24 remaining on the realty thereafter is deemed forfeited and abandoned, and the Internal
25 Revenue Service is authorized to remove it and dispose of it in any manner the Internal
26 Revenue Service sees fit, including sale, in which case the proceeds of the sale are to
27                                          -5-

be applied first to the expenses of sale, and then to the tax liabilities set forth in the judgment in this case.

17.   After the sale is confirmed by this Court, the Internal Revenue Service shall distribute the amount paid by the purchaser as follows:

   a.   First, to all taxes unpaid and matured that are owed to Plumas County for real property taxes on the property;
   b.   Second, the Internal Revenue Service shall retain an amount sufficient to cover the expenses of the sale, including the cost of advertising and an amount sufficient to cover the expenses of any steps taken to secure or maintain the realty pending sale and confirmation by the Court;
   c.   Third, to the United States of America to be applied to the federal tax liabilities of Roy D. Zattiero and Carol M. Zattiero for the 1980, 1981 and 1982 tax years and including penalties and interest, up to the amounts set forth in the judgment entered in this case, plus any interest accrued thereon;

Any surplus will be deposited with the Court pending further instruction.

**IT IS SO ORDERED.**

Dated: 1/26, 2007

LAWRENCE K. KARLTON
U.S. District Court Judge